**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| George D. Lopez, Jr., | No. CV-07-482-PHX-DGC (CRP) |
| Petitioner, | **ORDER** |
| v. | |
| Ivan Bartos, et al., | |
| Respondents. | |

Pending before the Court are a petition for writ of habeas corpus filed by Petitioner George Lopez, Jr., a report and recommendation ("R&R") issued by United States Magistrate Judge Charles Pyle, and objections filed by Petitioner. Dkt. ##1, 15, 16. The R&R recommends that this Court deny the petition as untimely and procedurally defaulted. The Court will accept the R&R in part and deny the petition.

**I.     The R&R and Objections.**

The R&R provides two independently sufficient grounds for dismissing Petitioner's habeas corpus petition: expiration of the statute of limitations and procedural default for failure to exhaust state claims. Because the Court finds the R&R's reasoning on the statute of limitations correct, the Court need not address procedural default.

**A.     The R&R's Conclusions Regarding the Statute of Limitations.**

After a state prisoner's conviction becomes final, he has one year to file a federal habeas corpus petition. 28 U.S.C. § 2244(d)(1). "The limitations period begins to run from

the last of – (a) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; [or] (b) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action[.]" *Id.* Although Petitioner contends that he was impeded from timely filing his federal habeas petition, the R&R notes that he does not allege that he was unconstitutionally impeded, nor does he present any substantial evidence that a State impediment prevented him from filing his petition. *See id.* The critical question, then, is when the judgment became final by conclusion of direct review or expiration of time for review, triggering the one-year limitations period.

Because a Rule 32 proceeding under Arizona law is a form of direct review, § 2244's "one-year statute of limitations does not begin to run until the conclusion of the Rule 32 of-right proceeding and review of that proceeding, or until the expiration of the time for seeking such proceeding or review." *Summers v. Schriro*, 481 F.3d 710, 711 (9th Cir. 2007). For the petition to be timely, the limitations period must not have ended before March 5, 2007, the day the petition was filed.

Petitioner properly filed an of-right post-conviction relief petition after pleading guilty to two counts of attempted child molestation. Dkt. # 15. On January 10, 2005, the trial court dismissed the petition for failure to state a material issue of fact. *Id.*

Petitioner had until January 25, 2005 to file a motion for rehearing in the trial court or until February 9, 2005 to file a petition for review in the Court of Appeals. Dkt. #15; Ariz. R. Crim. P. 32.9(a). Petitioner missed both deadlines. He placed the motion for rehearing in the mail on January 26, 2005, one day late, and filed a petition for review on April 27, 2005, 77 days late. *Id.* The trial court does not appear to have ruled on Petitioner's untimely motion for rehearing, which was actually incorrectly filed as a motion for reconsideration. Dkt. #15. The Court of Appeals dismissed the petition for review as untimely. *Id.*

Although the Court of Appeals denied the petition as untimely, it noted that the trial

court could grant permission to filed a delayed petition for review if it found that Petitioner was not at fault for the late filing of the first petition. Petitioner filed a motion with the trial court requesting permission to file a delayed petition for review, and the trial court granted the motion on June 30, 2005. *Id.* The trial court did not specify a deadline for filing the petition, but Arizona Rule of Criminal Procedure 32.9(c) allows 30 days to file a petition for review. Calculating from the date of the trial court's order, Petitioner's time to file the delayed petition expired August 1, 2005.[1] The one-year limitations period under 28 U.S.C. § 2244 therefore began to run on August 2, 2005, and Petitioner was required to file his federal habeas petition by August 2, 2006 – more than seven months before it was actually filed. *Patterson v. Stewart*, 251 F.3d 1243, 1246 (9th Cir. 2001) (calculating the one-year statute of limitations using the anniversary method of Federal Rule of Civil Procedure 6(a)).

Petitioner filed a second notice of post-conviction relief on December 27, 2005. Dkt. #15. On February 2, 2006, the trial court dismissed this petition as untimely. Dkt. #1 at 19. The Court of Appeals denied Petitioner's request for review on January 16, 2007. Dkt. #15. Petitioner filed this federal habeas petition on March 5, 2007. Dkt, #1.

Because Petitioner repeatedly failed to meet filing deadlines and specifically did not file a formal petition for delayed review, the Magistrate Judge concluded that Petitioner failed to show that he was entitled either to statutory or equitable tolling of the statute of limitations. *Id.*

**II.    Discussion.**

   **A.    Petitioner's Objections.**

A party may file specific, written objections to an R&R within ten days after being served with a copy of the R&R. *See* Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1)(C). The court must undertake a *de novo* review of those portions of the R&R to which specific objections are made. *See Thomas v. Arn*, 474 U.S. 140, 149 (1985); *United States v. Reyna-*

---

[1] Because July 30, 2005 fell on a Saturday, Petitioner had until Monday, August 1, 2005 to file.

- 3 -

1 *Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). On February 14, 2008, Petitioner filed
2 objections relating to the statute of limitations issue, contending (1) that he filed his delayed
3 petition for review in a timely manner, (2) that he was entitled to statutory tolling because
4 of new evidence he submitted when he attempted to apply for state post-conviction relief, and
5 (3) that he was entitled to equitable tolling because any delay in submitting his applications
6 was caused by circumstances beyond his control. Dkt. #16.

7         **B.    Petitioner failed to file a timely delayed petition for review.**

8         Petitioner contends that he filed his delayed petition in a timely manner. Dkt. #16.
9 As the Magistrate Judge concluded, however, the evidence does not support this claim,
10 particularly given the lack of any delayed petition in the record. *See* Dkt.#15.

11         Petitioner contends his delayed petition was actually filed on July 27, 2005, and bore
12 the title "Affidavit in Support of Previous Mailing of Motion for Reconsideration/Review."
13 *See* Dkt.#16. Petitioner has provided the Court with only the first page of this document.
14 Dkt. #16 at 16. Even a review of the first page, however, shows that it is not a delayed
15 petition for review. The document states that it is an affidavit in support of a previous
16 mailing of a motion for consideration, and then refers to a motion for reconsideration filed
17 on January 26, 2005. *Id* Petitioner had also filed a motion for reconsideration in the Court
18 of Appeals on May 16, 2005. Dkt. #16 at 14. Both of these motions for reconsideration were
19 filed before the trial court granted Petitioner permission to file a delayed petition for review,
20 and neither, therefore, could have constituted the delayed petition for review.

21         Moreover, a review of the record shows that the documents filed by Petitioner in state
22 court contained correct titles, including the "Petition for Review" he filed on
23 February 27, 2006 (Dkt. #12-4 at 27) and his "Motion for Permission to File Delayed Petition
24 for Review" (Dkt. #12-3 at 23). There is no reason to conclude that Petitioner would have
25 labeled his "Delayed Petition for Review" as an "Affidavit in Support of Previous Mailing
26 of Motion for Reconsideration/Review." Even liberally construed, the document identified

by Petition simply cannot be viewed as a delayed petition for review.[2]

### C. Petitioner is not entitled to statutory tolling.

Petitioner asserts various state procedural rules and precedents suggesting different grounds for post-conviction relief, such as newly discovered evidence. *See* Dkt. #16. But regardless of what legal arguments Petitioner might have had, § 2244(d)(2) tolls the federal statute of limitations only for the time during "which a properly filed application for State post-conviction or other collateral review" is pending. Untimely applications in state court are not "properly filed" under the statute. *Pace v. DiGuglielmo*, 544 U.S. 408, 417 (2005); *Allen v. Siebert*, 128 S.Ct. 2, 4 (2007). Petitioner has not met the requirements of § 2244(d)(2) because he filed untimely petitions in state court.

Petitioner seems to contend that his second state petition for post-conviction relief, filed on December 27, 2005, was timely because it asserted newly discovered evidence under Arizona Rule of Criminal Procedure 32.1(e). Dkt. #16 at 4. The state trial court found this petition to be untimely. Dkt. #1 at 19. Moreover, even if the petition were somehow deemed timely because it asserted newly discovered evidence, it was denied by the trial court on February 2, 2006. *Id.* The 37 days it was pending are not a sufficient period of statutory tolling to render Petitioner's seven-month-late petition in this Court timely.

Petitioner does not argue that the newly discovered evidence triggers the one-year period of limitations for newly discovered evidence in 28 U.S.C. § 2244(d)(1)(D). Even if he did, this argument would be unavailing. Petitioner does not identify the date on which he learned of the allegedly newly discovered evidence, much less the date on which he could have learned it "through the exercise of due diligence" as required by the statute. *Id.* But he certainly learned of it by December 27, 2005 – the date on which he filed his second state petition for post-conviction relief – and one year from that date would still have expired

---

[2]Petitioner argues that his filing of a delayed petition for review is confirmed by the fact that the state thereafter attempted to file a response to a petition for review. As Petitioner himself confirms, however, this attempted filing was rejected by the Court of Appeals because Petitioner had not filed a delayed petition for review. Dkt. #16 at 20.

- 5 -

before the habeas petition was filed in this Court.

### D. Petitioner is not entitled to equitable tolling.

Equitable tolling applies when "extraordinary circumstances beyond the prisoner's control make it impossible to file a petition on time" and "the extraordinary circumstances were the cause of [the prisoner's] untimeliness." *Laws v. Lamarque*, 351 F.3d 919, 922 (9th Cir. 2003); *see Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003); *Calderon v. United States Dist. Ct. (Beeler)*, 128 F.3d 1283, 1289 (9th Cir. 1997), *overruled in part on other grounds*, 163 F.3d 530 (9th Cir. 1998). A prisoner must prove two elements: "that he has been pursuing his rights diligently, and that some extraordinary circumstance stood in his way." *Pace*, 544 U.S. at 418.

Petitioner has failed to establish either of these elements. First, Petitioner has not pursued his rights diligently given his multiple untimely filings in state court. Petitioner contends that his first motion for rehearing was timely filed because he gave it to the prison mail system on January 26, 2005, but the filing deadline was January 25, 2005. The motion for rehearing therefore was untimely.

Petitioner also claims that he filed his delayed petition in a timely manner. As previously stated, however, the evidence shows that Petitioner never filed a delayed petition for review. Moreover, Petitioner missed filing deadlines for his first petition for review and for his second request for post-conviction relief. Petitioner also filed his federal habeas petition seven months late. Petitioner's overall behavior does not display diligence.

Petitioner also has not shown that an extraordinary circumstance stood in his way. Petitioner asserts that the courts should have recognized his attempts at filing and made an attempt to correct any mistakes, but this bare assertion does not show that an extraordinary circumstance impeded Petitioner's ability to file his federal habeas petition on time.

### III. Conclusion.

The Court accepts the R&R's conclusion that the petition is untimely. Petitioner failed to file his federal habeas corpus petition within the statutory one-year period, and neither statutory nor equitable tolling applies.

**IT IS ORDERED:**

1. The R&R (Dkt. #15) is **accepted in part** as set forth in this order.
2. Petitioner's petition for writ of habeas corpus (Dkt. #1) is **denied**.
3. The clerk is directed to **terminate** this action.

DATED this 26th day of March, 2008.

_____
David G. Campbell
United States District Judge